UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TANNER A. P.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:23-CV-5715-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide a legally sufficient reason for finding the opinion of Dr. Robin Ballard, PhD, unpersuasive, properly consider the medical opinion of Dr. Penny Tanner, PhD, ARNP, and give germane reasons for discounting lay witness evidence. Had the ALJ properly considered the evidence, Plaintiff's residual functional capacity ("RFC") may have included additional

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

limitations. The ALJ's errors are, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## I.   Procedural History

On February 5, 2018, Plaintiff filed an application for SSI benefits, alleging disability beginning March 9, 1996. *See* Dkt. 7, Administrative Record ("AR") 15. After the application was denied on initial review and reconsideration, on July 7, 2022, ALJ Allen G. Erickson determined Plaintiff was not disabled. AR 15-25. The Appeals Council denied Plaintiff's request for review, making the July 2022 decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

## II.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III.   Discussion

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) ignoring the limitations identified by Drs. Tanner and Ballard, despite finding Dr. Ballard's report persuasive; (2) failing

to provide germane reasons for discounting Sherry Nygard's opinion; (3) failing to provide germane reasons for rejecting Angela P.'s lay observations; and (4) failing to provide specific, clear or convincing reasons for rejecting Plaintiff's subjective symptom testimony. Dkt. 9. Plaintiff requests this matter be remanded to the Administration for an award of benefits. *Id*. at 14-15.

A. *Medical Opinion Evidence*

First, Plaintiff alleges the ALJ erred in his consideration in the opinions of Drs. Tanner and Ballard. Dkt. 9.

i.    Legal Standard

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical

opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

        ii.        Dr. Ballard

On July 15, 2019, Dr. Robin Ballard, PhD, performed a psychological evaluation of Plaintiff. AR 624-34. After reviewing prior records, conducting a clinical interview, and conducting several tests, Dr. Ballard diagnosed Plaintiff with Autism Spectrum Disorder. AR 624-34. Dr. Ballard noted that Plaintiff had markedly lower performance in working memory, which may cause him noticeable difficulties in school and work settings. AR 630. Plaintiff also demonstrated difficulties with communication and reciprocal social interaction. AR 630. Dr. Ballard opined that Plaintiff would benefit from individual therapy to learn more social skills and to have a trusted third-party to process social interactions. AR 631. She also opined that Plaintiff would benefit from taking regular breaks in his work, writing down steps for complicated tasks, and handling one task at a time. AR 631. Dr. Ballard stated Plaintiff would be a good candidate for job training and vocational support through the Division of Vocational Rehabilitation. AR 631.

In discussing the persuasiveness of Dr. Ballard's opinion, the ALJ stated,

> In June 2019, Robin Ballard, Ph.D., performed a consultative psychological evaluation to assess the claimant's mental functioning. She opined that the claimant had a poor working memory and would benefit from regular breaks and handling one task at a time. She opined that he should practice social skills and learn adaptive skills to function effectively in the workplace and transition to independent adulthood. She further opined that the claimant was a good candidate for state job training and vocational support. The undersigned finds this opinion somewhat persuasive. Dr. Ballard provided observations and test results to support her

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

opinion, which is partly consistent with the overall record and the claimant's demonstrated functioning. For example, the claimant was cooperative, friendly, talkative, and appropriately dressed and groomed. He exhibited normal speech. Test scores were average in reasoning, processing speed, and overall executive functioning. He does household chores, shops in stores, and prepares simple meals. He plays video games, uses the internet, and works out at the gym. He reported being able to handle changes in routine better, and he is able to go places by himself.

AR 23 (internal citations omitted).

The ALJ found Dr. Ballard's opinion somewhat persuasive and discussed Dr. Ballard's opinion and objective findings contained within the record. AR 23. The ALJ, however, failed to articulate *which* portions of Dr. Ballard's opinions were unpersuasive and why he was rejecting those portions of Dr. Ballard's opinion. AR 23. The ALJ must do more than offer his conclusions. *Embrey*, 849 F.2d at 421. Rather, "the ALJ [must] provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Id*. at 422. Here, the ALJ only provided his conclusions. The Court cannot glean from the ALJ's decision which portions of Dr. Ballard's opinion the ALJ found unpersuasive and why. *See Woods,* 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1  unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony,

2  could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

3  (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is

4  harmless requires a "case-specific application of judgment" by the reviewing court, based on an

5  examination of the record made "'without regard to errors' that do not affect the parties'

6  'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

7  407 (2009) (quoting 28 U.S.C. § 2111)).

8      Had the ALJ properly considered Dr. Ballard's opinion, he may have found Plaintiff

9  disabled or he may have included additional limitations in the RFC. For example, Dr. Ballard

10 found Plaintiff would benefit from taking regular breaks in his work, writing down steps for

11 complicated tasks, and handling one task at a time. AR 631. The ALJ did not include work-

12 breaks in the RFC. *See* AR 20. The ALJ also did not include limitations that would allow

13 Plaintiff to write down steps for complicated tasks or only handle one task at a time; rather, the

14 ALJ only limited Plaintiff to jobs with detailed instructions and predictable tasks. *See* AR 20.

15 The ultimate disability determination may change if limitations opined to by Dr. Ballard are

16 included in the RFC and considered throughout the remaining steps of the sequential evaluation

17 process. Accordingly, the ALJ's error is not harmless and requires reversal.

18     iii.    Dr. Tanner

19     Dr. Penny Tanner, PhD, ARNP, treated Plaintiff in 2019. *See* AR 610-23. One of Dr.

20 Tanner's treatment plans noted "12-20 hour work week" and "apply for social security &

21 vocational training." AR 623. Plaintiff argues the ALJ failed to properly account for Dr.

22 Tanner's opinion that Plaintiff was limited to 12-20 hours of work per week. Dkt. 9 at 4-5.

23     In his recitation of the medical evidence, the ALJ stated,

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

> In January 2019, the claimant underwent an initial assessment from a mental-health nurse practitioner, but her two pages of notes from the assessment are handwritten and largely illegible. However, what is decipherable shows that the claimant was anxious with an obsessive thought process. The provider recommended that the claimant work 12 to 20 hours a week, indicating that she believed he could work. Later treatment notes mostly address the claimant's sleep complaints. At his visits with the nurse practitioner, the claimant's appearance was normal, and he presented with intact cognition, goal-directed thought process, a neutral mood with a full affect. He reported improved sleep. The record does not indicate whether the claimant saw the mental health provider again.

AR 21 (internal citations omitted).

The ALJ did not discuss Dr. Tanner's opinion when the ALJ considered the persuasiveness of the medical opinions. *See* AR 22-23. Defendant argues Dr. Tanner's opinion was not a "medical opinion" because it did not include work-related limitations and "was a statement reserved to the Commissioner." Dkt. 14 at 11-12. The ALJ did not state that he did not consider Dr. Tanner's opinion regarding Plaintiff's ability to work 12-20 hours per week to be a medical opinion. *See* AR 21-23. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). Therefore, the Court cannot affirm the ALJ's decision based on a *post hoc* rationalization that the ALJ determined Dr. Tanner's finding was not a medical opinion.

Furthermore, the Ninth Circuit has determined a doctor's statement that a claimant "would be 'unlikely' to work full time" was not a finding on an issue reserved to the Commissioner, and was "instead an assessment, based on objective medical evidence, of [the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in orginal). In *Hill*, the Ninth Circuit concluded the ALJ's failure to discuss the doctor's statement was harmful. *Id*. Here, the Court finds Dr. Tanner's treatment note was an assessment, based on her examination of Plaintiff, of Plaintiff's likelihood of being able to maintain employment. Dr. Tanner did not encourage Plaintiff to maintain fulltime employment; rather, the treatment notes indicate Plaintiff should attempt to work 12-20 hours per week and attempt to obtain social security benefits and vocational training. AR 623. The treatment notes indicates Dr. Tanner did not think Plaintiff could work fulltime. Viewing the record as a whole, Dr. Tanner's opinion that Plaintiff could work 12-20 hours per week is not a finding on an issue reserved for the Commissioner and needed to be considered by the ALJ.

In this case, the Court concludes Dr. Tanner's treatment note is a medical opinion. Therefore, the ALJ's failure evaluate the persuasiveness of Dr. Tanner's opinion is error. As the ultimate disability determination may change if the ALJ were to find Dr. Tanner's opinion regarding Plaintiff's ability to work persuasive, this error is not harmless.

B. *Lay Witness Evidence*

Plaintiff also contends the ALJ erred by failing to properly consider the statements from Sherry Nygard, Plaintiff's vocational counselor, and Angela P., Plaintiff's mother ("lay witness evidence"). Dkt. 9 at 6-9.

Under the revised regulations, ALJs are "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

testimony. *See Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023).[2] Other relevant regulations indicate that ALJs will consider evidence from nonmedical sources when evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3). And, an ALJ may not reject "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

The Court reads the new regulations as not eliminating an ALJ's obligation to consider and address nonmedical source evidence, including an obligation to articulate germane reasons for disregarding that same evidence. Further, as the Ninth Circuit law remains unsettled, the Court finds that Ninth Circuit precedent continues to require an ALJ to provide germane reasons for discounting nonmedical source evidence. *See Megan Ann D., v. Comm'r of Soc. Sec.*, 2024 WL 1308928, at *5 (D. Idaho Mar. 27, 2024) (finding germane reasons are still required); *Gary J.D. v. Comm'r of Soc. Sec.*, 2023 WL 5346621, at *14 (W.D. Wash. Aug. 21, 2023) ("That an ALJ can disregard or reject relevant lay evidence for no reason is inconsistent with the Commissioner's obligation to consider such evidence, and the rule the ALJ must provide some rationale in order for the Court to meaningfully determine whether the ALJ's conclusions are free of legal error and supported by substantial evidence.").

---

[2] Defendant relies on *Fryer v. Kijakazi*, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022) to support its position that the ALJ did not need to articulate any reasons for discounting the lay witness evidence in her decision. *See* Dkt. 9 at 14. In a **footnote** in *Fryer*, the Ninth Circuit stated, "It is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions." 2022 WL 17958630, at *3, n.1. Courts have interpreted the statement in *Fryer* to mean only that the ALJ is not required to articulate *how* the ALJ considered the lay witness evidence using the requirements in 20 C.F.R. §§ 404.1520c and 416.920c. *See MEGAN ANN D., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant.*, 2024 WL 1308928, at *5 (D. Idaho Mar. 27, 2024). Furthermore, in *Fryer*, the Ninth Circuit cited *Johnson v. Kijakazi*, 2022 WL 3998572, at *2 (9th Cir. Sept. 1, 2022). *Johnson* does not hold that the ALJ is no longer required to articulate their decision regarding lay witness testimony. Rather, *Johnson* declined to decide the issue. 2022 WL 3998572, at *2. Additionally, *Stephens*, which was decided after *Fryer*, states the Ninth Circuit has not yet addressed whether the ALJ is still required to provide germane reasons for discounting lay witnesses under the new regulations. *Stephens*, 2023 WL 6937296 at *2. Therefore, the Court is not persuaded by Defendant's argument.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1  Here, the ALJ stated the lay witness evidence was considered and then stated,

2  While the regulations require the undersigned to consider all evidence, including statements from nonmedical sources, they do not require the decision to articulate
3  how such statements were considered.

4 AR 23. The ALJ failed to provide any reason for discounting the lay witness evidence.

5 Accordingly, the ALJ erred. As Ms. Nygard noted that Plaintiff only works six hours per week

6 and opined that he could not complete a 40-hour work week, the ALJ's error in considering the

7 lay witness evidence is not harmless. On remand, if the lay witness evidence is discounted, the

8 ALJ must articulate germane reasons for doing so.

9  C.  *Subjective Symptom Testimony*

10  Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting

11 Plaintiff's testimony about his symptoms and limitations. Dkt. 9 at 9-13. The Court concludes

12 the ALJ committed harmful error in assessing the medical opinion evidence and the lay witness

13 evidence. Because of these errors, the ALJ must re-evaluate all the medical evidence on remand.

14 *See* Section A, *supra*. Plaintiff may be able to present new evidence and new testimony on

15 remand and the ALJ's reconsideration of the medical evidence may impact his assessment of

16 Plaintiff's subjective testimony; therefore, the ALJ must reconsider Plaintiff's testimony on

17 remand.

18  D.  *Remand for Further Proceedings*

19  Plaintiff argues this case should be remanded for an award of benefits. Dkt. 9 at 14-15.

20 Defendant maintains this matter should be remanded for further proceedings. Dkt. 14 at 14. The

21 Court may remand a case "either for additional evidence and findings or to award benefits."

22 *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper

23 course, except in rare circumstances, is to remand to the agency for additional investigation or

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Court has reviewed the record and the ALJ's errors. The Court has determined the ALJ must re-evaluate the medical opinion evidence, lay witness evidence, and Plaintiff's subjective symptom testimony. While the ALJ may likely find Plaintiff cannot perform fulltime work based on the evidence he failed to properly consider, the Court, considering the record as a whole, finds remand for further administrative proceedings is the appropriate remedy in this matter.

### IV.     Conclusion

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with this Order.

Dated this 18th day of April, 2024.

_____
David W. Christel
United States Magistrate Judge